UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

ELIAS MORALES,

    Plaintiff,

-vs-              Case No. 6:05-cv-395-JA-DAB

EDUCATIONAL CREDIT MANAGEMENT
CORPORATION, EDFINANCIAL
SERVICES, and UNITED STATES
DEPARTMENT OF EDUCATION,

    Defendants.
_____

## ORDER

  This bankruptcy case is before the Court on the plaintiff's "Motion to District Court for Leave to Appeal Interlocutory Order." (Doc. 1). Because the order does not meet the standards for interlocutory review, the motion is denied.

  In January 2004, Mr. Morales filed in the bankruptcy court his "Complaint to Enjoin Enforcement of a Dischargeable Educational Loan." (See Doc. 1 ¶ 2). Mr. Morales subsequently filed a Motion for Summary Judgment, which the bankruptcy court denied. (See Doc. 14 ¶¶ 13, 15). Mr. Morales requests leave to appeal the bankruptcy court's order denying a summary judgment on his claims.

  Appeals from non-final bankruptcy court orders may be taken only "with leave of the court." 28 U.S.C. § 158(a)(3). "The decision to grant or deny leave to appeal a bankruptcy court's interlocutory order is committed to the district court's discretion." In re O'Connor, 258 F.3d 392, 399-400 (5th Cir. 2001). In exercising that discretion, "a district court will look to

the standards which govern interlocutory appeals from the district court to the court of appeals pursuant to 28 U.S.C. § 1292(b)." Celotex Corp. v. AIU Ins. Co., 187 B.R. 746, 749 (M.D. Fla. 1995). "Under these standards, a court will permit an interlocutory appeal of an order if (1) the order presents a controlling question of law (2) over which there is substantial ground for difference of opinion among courts, and (3) the immediate resolution of the issue would materially advance the ultimate termination of the litigation." Id.

These three requirements are not satisfied here. Although Mr. Morales raises several issues in his Motion for Leave to Appeal, including res judicata and improper substitution of a party in interest, he has not identified a controlling question of law on which there is substantial ground for difference of opinion among courts. Moreover, granting leave to appeal the bankruptcy court's order denying summary judgment would not advance the resolution of this dispute. On May 27, 2005, during a trial before the bankruptcy court, Mr. Morales had the opportunity to present his arguments on the same questions of fact and law that would be involved in an appeal to this Court.

Accordingly, it is **ORDERED** that the "Motion to District Court for Leave to Appeal Interlocutory Order" (Doc. 1) is **DENIED**.

**DONE** and **ORDERED** in Chambers, Orlando, Florida this 29 day of June, 2005.

JOHN ANTOON II
United States District Judge

Copies furnished to:
Counsel of Record
Unrepresented Party