UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

ELIAS MORALES,

           Plaintiff,

-vs-                                        Case No. 6:05-cv-395-JA-DAB

EDUCATIONAL CREDIT MANAGEMENT
CORPORATION, EDFINANCIAL
SERVICES, and UNITED STATES
DEPARTMENT OF EDUCATION,

           Defendants.

---

## ORDER

This bankruptcy case is before the Court on the plaintiff's "Motion for Relief from Judgment or Order." (Doc. 23). Mr. Morales seeks relief from an order of the bankruptcy court dismissing with prejudice his action against the defendants. For the reasons set forth below, the motion is denied.

### I. Background

In January 2004, Mr. Morales filed in the bankruptcy court a "Complaint to Enjoin Enforcement of a Dischargeable Educational Loan." (See Doc. 1 ¶ 2). Mr. Morales subsequently filed a Motion for Summary Judgment on his Complaint. (See Doc. 14 ¶ 13). The bankruptcy court denied the Motion for Summary Judgment and scheduled an adversary hearing for May 27, 2005. (See Doc. 14 ¶¶ 15, 16).

Mr. Morales immediately filed a motion with this Court requesting leave to appeal the

order denying summary judgment. (Doc. 1). Because the motion was pending before this Court on May 25, 2005, Mr. Morales filed an "Emergency Motion for Stay of May 27, 2005 Adversary Hearing Pending Appeal." (Doc. 19). This Court denied the emergency motion on May 25 (Doc. 20), and a copy of the order was mailed to Mr. Morales on May 27. Mr. Morales refused to participate in the May 27 trial before the bankruptcy court. (See Doc. 23 Ex. A).

On June 8, 2005, the bankruptcy court dismissed, with prejudice, each of the three defendants. (See Doc. 23 Ex. A). In addition, the bankruptcy court entered judgment on the counterclaim of defendant EdFinancial Services. (See Doc. 23 Ex. A). On June 13, 2005, Mr. Morales filed the instant Motion for Relief.

## II. Legal Discussion

Mr. Morales claims he is entitled to relief under Rule 60(b)(4) of the Federal Rules of Civil Procedure because the judgment of the bankruptcy court is void. The standard of review in this case is de novo. Carter v. Fenner, 136 F.3d 1000, 1005 (5th Cir. 1998).

Mr. Morales first argues that the bankruptcy court did not have subject matter jurisdiction over this action. This contention defies logic. Mr. Morales filed his "Complaint to Enjoin Enforcement of a Dischargeable Educational Loan" in the very same bankruptcy court he now claims lacks jurisdiction. Determining whether an educational loan is dischargeable in bankruptcy is clearly a matter within the jurisdiction of a bankruptcy court. The pendency of the "Motion to District Court for Leave to Appeal Interlocutory Order" (Doc. 1) did not interrupt the bankruptcy court's subject matter jurisdiction over this matter. The bankruptcy court's dismissal with prejudice of the action is valid.

Mr. Morales raises two other arguments in his "Motion for Relief from Judgment or Order." First, he claims he is entitled to relief from the dismissal with prejudice of his action because defendant Educational Credit Management Corporation was improperly substituted for New York State Higher Educational Services Corporation as a party in interest. Second, Mr. Morales asserts that he is entitled to relief because his educational loan was discharged in 1985. The record does not support either contention. In any event, these assertions would not cast doubt upon the validity of the bankruptcy court's order. Judicial error, if it does exist, is not synonymous with a void judgment.

### III. Conclusion

For the reasons set forth above, it is **ORDERED** that the "Motion for Relief from Judgment or Order" (Doc. 23) is **DENIED**.

**DONE** and **ORDERED** in Chambers, Orlando, Florida this ___27___ day of June, 2005.

JOHN ANTOON II
United States District Judge

Copies furnished to:
Counsel of Record
Unrepresented Party